
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36142-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. RICKMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — David Rickman appeals from convictions for first degree assault and obstructing a public servant, arguing that his counsel was ineffective. We affirm.

FACTS

Rickman and his cousin, Justin Lewis, were charged with offenses arising out of a robbery and assault involving a drug seller, Michael Evans, in Clarkston. For his part, Rickman was charged with first degree assault, first degree robbery, and obstructing. The two men were tried in separate jury trials.[1] Rickman was acquitted on the robbery count, but convicted of the other charges.

---

[1] This court affirmed Lewis's convictions for first degree assault, first degree robbery, possession of a controlled substance, and possession of drug paraphernalia. *See State v. Lewis*, No. 35775-9-III (Wash. Ct. App. Apr. 11, 2019) (unpublished), http://courts.wa.gov/opinions/pdf/357759.pdf.

Evans initially told police that he had been robbed and assaulted by two unknown men, declining to tell law enforcement about his involvement in narcotics sales. He described the men for police and subsequently identified them after they were arrested. He later testified that Lewis drove him to an apartment complex. Rickman walked up to the vehicle and confronted Evans. Rickman opened the vehicle's door and struck Evans multiple times with a modified table leg before Lewis pulled Evans out and threw him on the ground. Both men then kicked Evans before taking his backpack. Evans fled the scene and was able to summon aid from a neighboring residence.

Lewis was stopped and discovered to be in possession of Evans' backpack and the table leg. Rickman boasted to his aunt, Tracy Lewis—Justin's mother, about beating up Evans. Police eventually arrested Rickman a few hours later. Both Tracy Lewis and law enforcement believed Rickman was under the influence of a stimulant during their encounters with him. In an interview, Rickman told a deputy sheriff that he was coming down from having taken both alcohol and methamphetamine, and sometimes goes into a blackout state when he has taken that combination of substances. He initially told the deputy he was in Lewiston at the time of the attack, but later admitted that because of his lack of memory, he could have been involved in the robbery and assault. He also told the deputy that he was capable of violent acts and had done similar things in the past. Near the end of the interview, Rickman made an unsolicited statement: "I remember; I did not hit him."

Rickman testified in his own defense and told jurors that he was drunk and had attacked Evans because of an insult. He claimed to have only struck Evans with his fists. On cross-examination, he also admitted that he had been convicted of robbery in Idaho.

After the jury returned its verdicts, the court imposed a sentence of 180 months for the assault conviction. Mr. Rickman then appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

Mr. Rickman contends that his counsel performed ineffectively in several instances.[2] We conclude that he has not borne his burden of establishing that his counsel's performance was constitutionally deficient.

Review of this claim is governed by well settled standards. An attorney's failure to perform to the standards of the profession will require a new trial when the client has

---

[2] Mr. Rickman unnecessarily separately assigns error to various alleged failures of his trial counsel. He argues them as independent bases for finding his counsel's performance to be deficient and then argues that cumulative error also applies. When adjudging ineffective assistance of counsel, we look at the *entirety* of counsel's performance. *E.g.*, *State v. Ciskie*, 110 Wn.2d 263, 284, 751 P.2d 1165 (1988). Alleged deficiencies by counsel are viewed cumulatively when assessing prejudicial impact. *E.g.*, *Turner v. Duncan*, 158 F.3d 449, 457 (9th Cir. 1998); *Harris By and Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995). Thus, we do not separately address appellant's cumulative error claim since we necessarily consider the cumulative effect of counsel's alleged errors.

been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Courts must be highly deferential to counsel's decisions when evaluating ineffectiveness claims. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires determination whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim fails one prong, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). If the evidence necessary to resolve the ineffective assistance argument is not in the record, the claim is not manifest and cannot be addressed on appeal. *McFarland*, 127 Wn.2d at 334.

Mr. Rickman contends that his counsel erred by failing to challenge evidence offered at trial. It is an exceptionally difficult proposition to establish error in this regard absent evidence from the trial attorney. As the *Strickland* court noted, no two lawyers would try a case in the same manner. 466 U.S. at 689. Accordingly, discerning such error from an undeveloped appellate record is largely a fruitless undertaking because the decision to object is a "classic example of trial tactics." *See State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel."

4

*Id*. A reviewing court presumes that a "failure to object was the product of legitimate trial strategy or tactics, and the onus is on the defendant to rebut this presumption." *State v. Johnston*, 143 Wn. App. 1, 20, 177 P.3d 1127 (2007) (citing cases).

Mr. Rickman argues that his counsel erred by failing to object to the following pieces of evidence: statements made to the police by Mr. Evans and Ms. Michelle Currin, a statement made by Justin Lewis, evidence found on Lewis at the time he was arrested, admission of Lewis's booking photo, and Mr. Rickman's own statement about his history of violence. It is unlikely that any of these items of evidence satisfy the *Madison* centrality test. Nonetheless, we will briefly note why these claims fail to establish prejudicial error.

Evans testified for the State and Currin was the initial witness for the defense. Both witnesses were *impeached* by the prosecutor with their statements to law enforcement. Prior inconsistent statements are excluded from the definition of hearsay. ER 801(d)(1)(i). By definition, impeachment evidence, especially impeachment of a defense witness, could not be evidence central to the State's case. Trial counsel did not err by failing to object to admissible evidence.

When arrested, Lewis told the officers that the backpack was his and that he had not been involved in an altercation. Neither of these statements were offered to prove the truth of the assertion and did not constitute hearsay. ER 801(c). Nonetheless, neither statement appears relevant to the State's case against Mr. Rickman. By the same token,

they also are not inculpatory in the least. Given that Mr. Rickman was accused of the robbery, his co-defendant's denial that anything happened was arguably useful to Mr. Rickman's defense. Understandably, defense counsel had no objection to the admission of the statement. Accordingly, Mr. Rickman cannot show that his counsel was not engaged in trial tactics when he declined to object to the statement. Rickman also cannot establish that the failure to object was the least bit prejudicial. Lewis's statements did not implicate Rickman and simply were not prejudicial to him, let alone so prejudicial that Rickman's trial was rendered unfair.

Mr. Rickman also contends that his counsel should have objected to testimony that Lewis possessed heroin and drug paraphernalia at the time of his arrest. The evidence was relevant to corroborate Evans' testimony that the incident arose from attempted transaction in illicit drugs. The evidence also was not prejudicial to Mr. Rickman since it inculpated Lewis. There is no obvious reason to exclude this evidence at Rickman's trial, and it was not prejudicial to his case. For both reasons, counsel was not ineffective.

Mr. Rickman next contends that the court erred in admitting the booking photo of Mr. Lewis. The evidence was relevant to identify Lewis—Mr. Rickman's alleged partner in the crimes—for the jury and to corroborate Evans' testimony. Since it was both relevant and not prejudicial, Mr. Rickman's argument again fails.

Finally, Mr. Rickman argues that his attorney should have sought to exclude his statement that he had previously committed acts of violence when intoxicated with drugs

6

and liquor, citing to ER 404(b). The statements given to the deputy sheriff at the time of his arrest were, of course, not hearsay when offered by the prosecutor as an admission against interest. ER 801(d)(2). This statement was one of three explanations proffered by Mr. Rickman—he wasn't there, he couldn't remember but might have done it, and he did fight with Evans, but only used his fists—at the time of arrest. The evidence was highly relevant on multiple levels for multiple reasons. The evidence also was not offered to prove that he had committed an unrelated crime, the only possible reason ER 404(b) might have a place in this discussion. Simply, it was one of Mr. Rickman's inconsistent theories for what happened (I don't remember, but might have done it because I did something similar before) and significantly diminished his credibility before the jury. The evidence was very useful to the jury and was not offered for the reason he now suggests it was. His counsel did not err by declining to object.

Mr. Rickman has not established that his counsel erred or that he was significantly prejudiced by the alleged errors. Since he needed to establish both, he cannot show that he was denied the effective assistance of counsel.

No. 36142-0-III
*State v. Rickman*

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Siddoway, J.

8